UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:17-CV-00174-GNS-HBB

NATHAN MATSON, as the Ancillary
Administrator of the ESTATE OF
JORDON ALEXA MAYS, deceased; and
M.A.M., an infant, by and through his father
and next friend, NATHAN MATSON                                         PLAINTIFFS

v.

BIR TRUCK & TRAILER REPAIR, LLC, et al.                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Partial Motion to Dismiss (DN 28).[1] The motion has been fully briefed and is ripe for adjudication. For the reasons outlined below, the motion is **GRANTED**.

### I. STATEMENT OF FACTS AND CLAIMS

This is a tort action brought under diversity jurisdiction in which Plaintiffs make claims for negligence resulting in wrongful death and loss of parental consortium against Defendants, including BIR Truck & Trailer Repair, LLC ("Defendant"), following the death of Jordan Alexa Mays ("Mays" or "decedent"). (Compl. ¶¶ 1, 13-17, DN 1). Mays, a citizen of Alabama, was killed on October 20, 2015, in a motor vehicle accident in Alabama allegedly caused by a tractor-trailer whose braking system had been serviced by Defendant at its repair shop in Franklin, Kentucky. (Compl. ¶¶ 8-10). Plaintiff was appointed administrator of the decedent's estate in

---

[1] Although styled as a Motion to Dismiss, Defendant's motion addresses only Plaintiff's cause of action for wrongful death, not the loss of consortium claim brought on behalf of M.A.M.; it is therefore referenced by the Court herein as a partial motion to dismiss.

Alabama on November 6, 2015, and was later appointed ancillary administrator in Kentucky on October 20, 2017. (Compl. ¶¶ 11-12; Compl. Ex. A, DN 1-1; Compl. Ex. B, DN 1-2). Plaintiff filed this action on October 20, 2017, but the Summons was not issued by the clerk until October 25, 2017, due to a redaction issue. (Order, DN 3; Mot. Leave File Redacted Docs., DN 5; Summons, DN 7).

## II.     JURISDICTION

The Court has subject matter jurisdiction under 28 U.S.C. §§ 2201 and 1332(a) because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## III.     STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 8(a)(2), 12(b)(6). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted).

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A complaint will be dismissed pursuant to Rule 12(b)(6) if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield*

*Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561-64).

## IV. **DISCUSSION**

Defendant seeks dismissal of Plaintiff's wrongful death claim contending that the lawsuit was not filed within the applicable statute of limitations. (Def.'s Partial Mot. Dismiss 1, 4-10, DN 28 [hereinafter Def.'s Mot.]; Def.'s Reply Partial Mot. Dismiss 5-11, DN 32 [hereinafter Def.'s Reply]). Plaintiff maintains the action was timely filed, arguing that the limitations period did not begin to run until his appointment in Kentucky as ancillary administrator of Mays' estate. (Pl.'s Resp. Def.'s Partial Mot. Dismiss 6-10, DN 31 [hereinafter Pl.'s Resp.]).

"Federal courts sitting in diversity must apply the procedural law of the forum, here Kentucky, including its statutes of limitations." *Combs v. Int'l Ins. Co.*, 163 F. Supp. 2d 686, 690 (E.D. Ky. 2001) (citing *Elec. Power Bd. of Chattanooga v. Monsanto Co.*, 879 F.2d 1368, 1375 (6th Cir. 1989)). "In deciding what law applies to a particular case, one must first look to the forum state's choice of law statute." *Elec. Power Bd. of Chattanooga*, 879 F.2d at 1375 (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Day & Zimmermann, Inc. v. Challoner*, 423 U.S. 3 (1975)).

As a sister court has explained, "Kentucky has a 'borrowing statute' that, when applicable, 'borrows' the limitations period of another state where a cause of action accrues, when that period is shorter than Kentucky's limitations period. The borrowing statute is triggered only when the cause of action *accrued* in another jurisdiction." *Combs*, 163 F. Supp. 2d at 691 (internal citation omitted). The statute provides:

> When a cause of action has arisen in another state or country, and by the laws of this state or country where the cause of action accrued the time for the commencement of an action thereon is limited to a shorter period of time than the

3

period of limitation prescribed by the laws of this state for a like cause of action, then said action shall be barred in this state at the expiration of said shorter period.

KRS 413.320. To determine whether Kentucky's borrow statute applies, this Court must consider:

(1) Whether the cause of action accrued in another state;
(2) If the cause of action did accrue in another state, whether that state's statute of limitations for the particular cause of action is shorter than the corresponding Kentucky statute of limitations; and
(3) If the accrual state's statute of limitations is shorter than Kentucky's, then the statute of limitation of the accrual state is applied; but if the statute of limitations for the cause of action in the accrual state is longer than Kentucky's, then apply Kentucky's statute of limitations.

*Combs*, 163 F. Supp. 2d at 691 (quoting *Willits v. Peabody Coal Co.*, 188 F.3d 510, 1999 WL 701916, at *12 (6th Cir. 1999)).

Since Plaintiff's wrongful death claim accrued in Alabama, the Court must next determine whether Alabama's statute of limitations is shorter than Kentucky's. Alabama's statute of limitations for wrongful death actions is two years, whereas the statute of limitation for such action in Kentucky is one year. *See* Ala. Code § 6-5-410(d); KRS 413.140(1)(a).

Under Kentucky law, an action may be brought by a personal representative after expiration of the applicable limitations period if it is nonetheless commenced within one year after qualification of the representative. *See* KRS 413.180(1). If there is an interval of more than one year between decedent's death and the qualification of the personal representative, the personal representative shall be deemed to have qualified on the last day of the one-year period. *See* KRS 413.180(2). The effect is thus to extend the one-year limitations period to provide a maximum of two years from the decedent's death in which to appoint a personal representative and commence a cause of action for wrongful death. *See Conner v. George W. Whitesides Co.*, 834 S.W.2d 652, 654-55 (Ky. 1992).

While the parties agree that the one-year limitations period set forth at KRS 413.140(1)(a) governs this action, they disagree as to when the limitations period began to run. (*See* Def.'s Mot. 4-5; Pl.'s Resp. 4-5). Defendant maintains that despite the extension of the limitations period provided in KRS 413.180, the limitations period began to run when Plaintiff was appointed personal representative in *Alabama* on November 6, 2015, not *Kentucky* on October 20, 2017, meaning this suit should have been commenced no later than November 6, 2016. (Def.'s Mot. 5-6; Def.'s Reply 5-10). Plaintiff, conversely, urges that the limitations period did not begin to run until his appointment as ancillary administrator in Kentucky, making the Complaint timely. (Pl.'s Resp. 6-10).

Plaintiff relies on *Witherspoon v. Salm*, 346 S.W.2d 48 (Ky. 1961), to support his argument, but this position is unpersuasive. This Court has previously considered *Witherspoon* under similar circumstances and found that the limitations period began to run when the decedent's personal representative was appointed in a neighboring state, not when he was later appointed ancillary administrator in Kentucky. *See Ford v. RDI/Caesars Riverboat Casino, LLC*, No. 3:06-CV-243-H, 2008 U.S. Dist. LEXIS 97658, at *5-15 (W.D. Ky. Dec. 2, 2008), *aff'd*, 328 F. App'x 1000 (6th Cir. 2009) ("The Court rests its conclusion upon a precise reading of the statute, which does not specify the appointment of a Kentucky personal representative to begin the statute and upon understanding that the appointment of an out-of-state personal representative fully satisfies the purposes for which the statute was enacted."). As this Court reasoned in *Ford*:

> To read such a requirement [that the representative be appointed in Kentucky] into the statute actually produces some absurd results. It would allow an out-of-state administrator or personal representative to extend the statute of limitations against a Kentucky citizen for a longer time than would otherwise be allowed to file against the citizens of any other state. Thus, such an interpretation would prejudice rather than benefit Kentucky citizens. Or, as here, it would allow the decedent's estate to extend the statute of limitations against the citizen of a foreign state who was always within the jurisdiction and power of the initial personal representative. In

5

both circumstances, such a rule encourages the type of forum shopping which the statute was certainly not intended to allow.

*Id.* at *11-12. In the absence of any indication from the Kentucky courts that they would have decided the issue differently, this Court is bound to follow *Ford* as it was subsequently affirmed *per curium* on appeal to the Sixth Circuit. *See Blaine Constr. Corp. v. Ins. Co. of N. Am.*, 171 F.3d 343, 350-51 (6th Cir. 1999).

Plaintiff further contends that a more recent case "signals a departure from the conclusion reached in *Ford*." (Pl.'s Resp. 9 (citing *Hutiu v. Wal-Mart Stores, Inc.*, No. 3:10CV-276-S, 2011 U.S. Dist. LEXIS 20252 (W.D. Ky. Feb. 28, 2011))). As Defendant counters, however, *Hutiu* did not address *Ford*, and, unlike here, the action was filed within one year of the decedent's death and later amended once the plaintiff was appointed ancillary administrator in Kentucky, following the *Sudderth* model. Had Plaintiff followed this course, the present dilemma would have been avoided. As it stands, however, the period for asserting the wrongful death claim under KRS 413.180 began to run on the date of appointment of the personal representative in Alabama on November 6, 2015. The limitations period expired on November 6, 2016, so that the wrongful death claim asserted in this action on October 25, 2017, is barred by KRS 413.140(1)(a).[2]

---

[2] Plaintiff alternately argues that equitable tolling should save the Complaint. (Pl.'s Resp. 10-13). Plaintiff interprets KRS 413.180(2) as extending the limitations period to October 20, 2017, as more than one year elapsed between Mays' death and Plaintiff's appointment as ancillary administrator of her estate in Kentucky. Building on this interpretation, Plaintiff argues that equitable tolling should apply to the five-day delay between the filing of the complaint and the issuance of the summons to allow the wrongful death claim to proceed. (Pl.'s Resp. 10-13). Given the Court's conclusion regarding the limitations period above, there is no need to address this argument.

## V. CONCLUSION

For the reasons outlined above, **IT IS HEREBY ORDERED** that Defendant's Partial Motion to Dismiss (DN 28) is **GRANTED**, and Plaintiff's claim in Count I of the Complaint is **DISMISSED WITH PREJUDICE**. Count II, brought on behalf of M.A.M., remains.

Greg N. Stivers, Chief Judge
United States District Court

February 11, 2019

cc: counsel of record